IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS J. RIVERA,** | : CIVIL ACTION |
| Plaintiff, | : |
| | : No. 14-cv-7173 |
| v. | : |
| | : |
| **CAROLYN W. COLVIN,** | : |
| **COMMISSIONER OF SOCIAL** | : |
| **SECURITY,** | : |
| Defendant. | : |

## O R D E R

**AND NOW**, this 26th day of October, 2016, upon consideration of the plaintiff's request for review, the defendant's response, and after careful review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Doc. No. 17), **IT IS ORDERED** that:

1. This Case shall be returned to **ACTIVE** Status;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

3. The Plaintiff's request for review is **DENIED**;

---

[1] I reviewed *de novo* those portions of the magistrate judge's report to which timely and specific objection is made. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). After a *de novo* review of the record, I find that the ALJ's assessment of both the plaintiff's back pain and left wrist pain are supported by substantial evidence. The Report and Recommendation fairly, accurately, and thoroughly analyzes the plaintiff's request for relief.

4. The Plaintiff's Objections are **OVERRULED**;[2]

---

[2] The majority of these objections is essentially re-argument of issues raised in the plaintiff's Amended Brief and Statement of Issues in Support of Request for Review and in his Reply Brief: 1) whether the Administrative Law Judge (ALJ) reasonably evaluated the plaintiff's credibility; 2) whether the ALJ erred by not giving the opinion by Dr. Stempler (plaintiff's treating physician) controlling weight; and 3) whether the Residual Functional Capacity Assessment (RFC) and hypothetical to the Vocational Expert (VE) reasonably included limitations in the plaintiff's use of his left wrist.

After a *de novo* review of the record, I find that Judge Rueter's discussion of the plaintiff's second and third arguments/objections is sufficient; I have nothing more to add. I will briefly address the first objection, which makes several specific points regarding Judge Rueter's discussion of this argument.
First, the plaintiff claims the Magistrate Judge erred in finding that the ALJ's adverse credibility assessment of the plaintiff was proper. As Judge Rueter explained, the ALJ is empowered to make findings about credibility and explain those findings. See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). See also Burns v. Barnhart, 312 F. 3d 113, 129 (3d Cir. 2002); Zirnsak v. Colvin, 777 F.3d 607, 612-13 (3d Cir. 2014). In reviewing his disability determination, this court gives deference to the ALJ's assessment of credibility. See, e.g., Zirnsak v. Colvin, 777 F.3d 607, 612-13 (3d Cir. 2014). In making his credibility assessment, an ALJ can consider the totality of evidence presented to support disability, including both objective medical evidence and evidence of plaintiff's daily activities. See 20 C.F.R. § 416.929(c)(2) & (3)(i). As Judge Rueter explained, the ALJ did just that and his assessment was supported by substantial evidence. The ALJ considered the entirety of the medical evidence submitted by the plaintiff along with his testimony at his administrative hearing. The ALJ explained his reasons for crediting certain evidence, while giving less weight to other evidence. The ALJ clearly considered the proffered evidence and found it lacking. I may not re-evaluate the evidence or substitute my own judgment for that of the ALJ at this stage of review. See, e.g., Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Next, the plaintiff argues that the ALJ inappropriately "lumped together" the plaintiff's conditions pre- and post-back surgery. He simply argues this is an error without providing legal support for this argument. The ALJ is required to look at the whole of the plaintiff's medical evidence and any other evidence submitted to evaluate the plaintiff's symptoms. See 20 C.F.R. § 416.929(c)(1)("In evaluating the intensity and persistence of your symptoms, we consider all of the available evidence, including your history, the signs and laboratory findings, and statements from you, your treating or nontreating source, or other persons about how your symptoms affect you. We also consider the medical opinions of your treating source and other medical opinions as explained in § 416.927."). It is not clear how this "error" would have changed the ALJ's decision. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009)("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). The plaintiff's argument is unpersuasive.

Third, the plaintiff argues that the ALJ improperly weighed his medical evidence, despite Judge Rueter's finding the contrary. He claims the ALJ's reliance on Dr. Muvdi's opinion from a one-time consultation was an error. While the ALJ did take into consideration observations made by Dr. Muvdi about the plaintiff's condition just before his onset date, the ALJ noted this reliance was limited because Dr. Muvdi was not privy to the plaintiff's entire medical record. See ALJ's Denial at 9 (Doc. No. 6-2 at 22).

In the same vein, the plaintiff argues that the ALJ's discounting his treating physician's opinion that he was "disabled" was an error. This argument is legally incorrect. As the ALJ and Judge Rueter noted, the determination of disability is one to be made by the ALJ, not the physician. See Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994)("We recognize, of course, that a statement by a plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue.… The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. … In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant."). As was appropriate, the ALJ considered the medical findings of Berks County Orthopedic/Dr. Norman Stempler (one of several treating physicians) but did not simply rely on Berks County Orthopedic/Dr. Stempler's determination that the plaintiff was "disabled." See ALJ's Denial at 6, 8-9 (Doc. No. 6-2 at 20, 21-22).

    5.  Judgment is entered in favor of the Defendant.

The Clerk of Court shall **CLOSE** this case.

BY THE COURT:


*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

The plaintiff criticizes Judge Rueter for discussing substantive information from the medical records provided by John Anderson, M.D. of Sotomayor Medical Practice and Alexander Payatakes, M.D. of Penn State Medical Center, which the ALJ himself did not discuss. The plaintiff claims this is an error. The plaintiff appears to be splitting hairs. The ALJ cited to the medical records from Sotomayor Medical Practice and Penn State in his findings of fact; they were a part of the record. The ALJ's decision explained that the plaintiff's treatment had been "routine and/or conservative in nature." Judge Rueter's comments regarding Dr. Anderson's and Dr. Payatakes' treatment simply clarified that point. The ALJ does not need to explain every piece of evidence he considered in deciding the treatment was "routine and/or conservative." See Phillips v. Barnhart, 91 Fed. App'x 775, 780 n.7 (3d Cir. 2004)("A written evaluation of every piece of evidence is not required, as long as the ALJ articulates at some minimum level her analysis of a particular line of evidence. Green v. Shalala, 51 F.3d 96, 101 (7th Cir.1995). Moreover, the ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it. Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998).").

Furthermore, the plaintiff's citation to Fargnoli v. Massanari, 247 F.3d 34, 44 (3d Cir. 2001), for this argument is misplaced because the medical records Judge Rueter's discusses *were* mentioned by the ALJ in his decision. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008)("Fargnoli criticized the district court for 'recognizing the ALJ's failure to consider all of the relevant and probative evidence,' but yet attempting 'to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ.' 247 F.3d at 44 n. 7. Fargnoli does not establish that a district court may not explain an ALJ's failure to cite irrelevant evidence, and we cannot reverse the District Court on this ground.").

For these reasons, I find the plaintiff's objections are without merit.

3